(R.D. 11600)

STANDARD BRANDS PAINT CO., INC. *v.* UNITED STATES

Entry No. 230608, etc.

(Decided December 10, 1968)

*Glad & Tuttle* for the plaintiff

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the appeals for reappraisement enumerated in the attached Schedule "A" are limited to the merchandise manufactured by Nippon Tile Industrial Co. Ltd., consisting of ceramic or glass tiles, and that, at the time of exportation thereof from Japan to the United States, the market value or the price at which such merchandise was freely sold or, in the absence of sales, freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, in-

cluding the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, net packed.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T. D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the merchandise and issues involved herein are the same in all material respects as those in *Standard Brands Paint Co., Inc.* v. *United States*, Reap. Dec. 11345, and that the record in said case may be incorporated with the record herein.

5. That the appeals for reappraisement enumerated in the attached Schedule "A" may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts, and an examination of the official court files, I find and hold that the imported merchandise consists of ceramic or glass tiles exported from Japan after February 27, 1958; that said merchandise is not on the final list of articles promulgated by the Secretary of the Treasury in 93 Treas. Dec. 14, T.D. 54521, that the merchandise and issues herein are the same in all material respects as those in *Standard Brands Paint Co., Inc.* v. *United States*, 59 Cust. Ct. 616, R.D. 11345, which record has been incorporated herein; that said merchandise is subject to appraisement under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165; that the price at the time of exportation to the United States, at which such or similar merchandise was freely sold or, in the absence of sales, freely offered for sale in the principal market of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was the invoice unit prices, net packed.

Judgment will be entered accordingly.